# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 18-850-BAJ-EWD |
| SIEGEN 7 DEVELOPMENTS, L.L.C. AND ANDREA WARREN | |

## NOTICE AND ORDER

Before the Court is a Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff Atain Specialty Insurance Company ("Plaintiff").[1] In the Complaint, Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332[2] and makes the following allegations regarding the citizenship of the parties:[3]

2.

> Atain Specialty Insurance Company is an insurer who is domiciled in and has its principal place of business in Farmington Hills, Oakland County, Michigan, and does business in the State of Louisiana within the jurisdiction of this Honorable Court.

3.

> Defendant Siegen 7 Developments, L.L.C. is a Limited Liability Company, who, according to the Louisiana Secretary of State, is domiciled in and has its principal place of business in East Baton Rouge Parish, Louisiana within the jurisdiction of this Honorable Court.

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ 5. The Complaint also indicates that the amount in controversy is likely to exceed $75,000 exclusive of interests and costs as Plaintiff seeks a declaratory judgment holding that Plaintiff's insurance policy does not provide coverage to Siegen 7, and Plaintiff is not liable to Defendant Warren, for the portions of an Arbitration Award awarding $42,982.53 in attorney's fees and costs, $110,053.07 in damages to Warren's residence, and $17,975.00 in impairment or loss of use of Warren's backyard. *See* R. Doc. 1, ¶ 29.
[3] R. Doc. 1.

4.

> Defendant, Andrea Warren, is on information and belief a natural person of the full age of majority residing and domiciled in East Baton Rouge Parish, Louisiana.[4]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has been adequately alleged as to Plaintiff and Defendant Andrea Warren.[5] However, citizenship has not been adequately alleged with respect to defendant Siegen 7 in the Complaint.

As set forth above, the Complaint asserts that Siegen 7 is a foreign limited liability company.[6] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

---

[4] R. Doc. 1, ¶¶ 2-4.
[5] R. Doc. 1, ¶ 4.
[6] R. Doc. 1, ¶ 3.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Atain Specialty Insurance Company shall have seven (7) days from the date of this Order to file a motion to substitute its Complaint for Declaratory Judgment[7] with a proposed pleading that is a comprehensive amended complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on September 20, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] R. Doc. 1.