UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ATAIN SPECIALTY INSURANCE       CIVIL ACTION
COMPANY

VERSUS

SIEGEN 7 DEVELOPMENTS, L.L.C.      NO.: 18-00850-BAJ-EWD
and ANDREA WARREN

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment, (Doc. 17),** filed by

Plaintiff, Atain Specialty Insurance Company ("Plaintiff" or "Atain"). Defendant,

Siegen 7 Developments, L.L.C. ("Defendant" or "Siegen 7"), filed a Memorandum in

Opposition. (Doc. 27). Defendant, Andrea Warren ("Defendant" or "Warren"), also

filed a Memorandum in Opposition. (Doc. 35). Plaintiff filed a Memorandum in

Reply. (Doc. 30). Defendant and Counter-Claimant, Andrea Warren, also filed a

**Motion for Summary Judgment. (Doc. 22).** Plaintiff filed a Memorandum in

Opposition. (Doc. 36). For the reasons stated herein, Plaintiff's **Motion for**

**Summary Judgment, (Doc. 17),** is **GRANTED IN PART** and **DENIED IN PART,**

and Defendant and Counter-Claimant Warren's **Motion for Summary Judgment,**

**(Doc. 22),** is **GRANTED IN PART** and **DENIED IN PART.**

## I.     BACKGROUND

Atain's claims arise out of an arbitration award issued in favor of Warren,

homeowner, adverse to Siegen 7, home builder. Atain issued policies of insurance to

Siegen 7, the terms and conditions of which may or may not provide coverage to

1

Siegen 7 for the amounts owed to Warren. Plaintiff seeks a judicial declaration that: (1) it has no obligation to indemnify Siegen 7 for the amounts awarded to Warren; and (2) it is not liable to Warren for damages awarded to her arising out of her claims against Siegen 7. (Doc. 6).

The facts relevant to the motions before the Court are undisputed. Siegen 7 constructed a home in East Baton Rouge Parish pursuant to a contract with Warren. (Doc. 6 at ¶ 7). Warren contends that all work on the home was performed through subcontractors retained by Siegen 7 and that the plans and specifications were provided to each of the subcontractors. (Doc. 35 at pp. 1–2 (citing Doc. 23, Affidavit of Thomas A. Guerin, at ¶ 13)). The residence was "substantially completed" by July or early-August, 2016, at which time Warren took occupancy of the residence. (Doc. 6 at ¶ 9).

In August 2016, the residence sustained damages due to flooding. (Doc. 6 at ¶ 10). Due to these damages, Warren filed a Demand for Arbitration against Siegen 7, alleging that "[Siegen 7] failed to follow architect plans, specifications, and drawings regarding initial site work for drainage, and confirm elevation of fill at location of slab prior to pouring of slab". (Doc. 6 at ¶ 15; Doc. 17-7 at p. 2). Siegen 7 notified its insurer, Atain, of the allegations, and Atain provided a defense to Siegen 7 subject to a reservation of rights to deny policy coverage with respect to the arbitration award. (Doc. 17-8). Warren claimed that Siegen 7 improperly constructed the residence, (Doc. 6 at ¶ 11), that it failed to place the proper amount of grade fill material on the property, that it failed to achieve the minimum finish slab elevation required by the

contract, (*id.*), that the flood waters in August 2016 would not have damaged the residence or Warren's personal property if the house been properly constructed, (Doc. 6 at ¶ 12), that Siegen 7's preparation of the lot for drainage and slope was improperly performed and defective, (Doc. 6 at ¶ 13), that Siegen failed to provide position storm water drainage and prepare a drainage plan for the house and lot, that it failed to otherwise comply with the International Building Code ("IBC") regarding drainage and slope as required by the contract, (*id.*), and that as a result of this deficient work the backyard on the property was swampy and wet, thereby inhibiting its use and enjoyment, (Doc. 6 at ¶ 14).

Warren's claims against Siegen 7 were litigated in arbitration on June 26–27, 2018, (Doc. 6 at ¶ 16). The arbitration award was issued July 25, 2018, (*id.*), and was confirmed by the 19th Judicial District Court for the Parish of East Baton Rouge on December 10, 2018. (Doc. 17-10). The arbitration award was based on the finding that Siegen 7 failed to achieve the minimum finish slab elevation. Warren was awarded a total of $128,061.54 in damages to the residence and personal property therein. The award also reflects the finding that Siegen 7 failed to provide position storm water drainage and failed to prepare a drainage plan for the house and lot. Warren was also awarded a total of $17,975.00 for backyard improvements, $42,983.53 for attorneys' fees, and $2,675.00 for the costs of arbitration. (Doc. 6 at ¶¶ 17-19; Doc. 17-9). Siegen 7 argues that the award does not specify who or what entity performed the work, with the exception of the issue of drainage, which the arbitration award found was a responsibility shared by Warren and Siegen 7, and it

did not specify if Siegen7's fault was due to its subcontractors or not. (Doc. 27 at p. 2).

Atain argues on summary judgment that the policies it issued to Siegen 7 are commercial general liability policies that are not intended to guarantee the quality of Siegen 7's work. (Doc. 19-1 at p. 4). Under the terms, definitions, and exclusions of the Atain policies, Atain argues that the policies do not provide coverage for the majority of the damages awarded to Warren because the damages were not caused by an "occurrence" and/or are excluded from coverage as "property damage" to "your product". Atain also argues that the backyard improvements are excluded from coverage pursuant to the "Damage to Impaired Property" exclusion. Finally, Atain argues that the attorney fees award is excluded from coverage because they are punitive or exemplary damages. (Doc. 19-1 at p. 6).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Louisiana law provides that "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Williams v. Employers Mut. Cas. Co.*, No.

CIV.A. 13-499, 2014 WL 2197067, at *2 (M.D. La. May 27, 2014). The Court's role in interpreting contracts is to determine the common intent of the parties. *Starr Surplus Lines Insurance Company v. Banner Property Management Co.*, No. CIV.A. 18-5635, 2018 WL 6448840, at *5 (E.D. La. Dec. 10, 2018)(citing La. Civ. Code art. 2045). "In doing so, Civil Code article 2047 requires that words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing *Henry v. South Louisiana Sugars Cooperative*, No. 2006-2764 (La. 5/22/07), 957 So.2d 1275, 1277 (citing *Cadwallader v. Allstate Ins. Co.*, No. 2002-1637 (La. 6/27/03), 848 So.2d 577, 580)). An insurance policy "constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship." *Peterson v. Schimek*, 98-1712 (La. 3/2/99), 729 So.2d 1024, 1028. "Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Louisiana Ins. Guar. Ass'n v. Interstate Fire and Cas. Co.*, 93-0911 (La. 1/14/94), 630 So.2d 759, 763. Furthermore, "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046 (1987). Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. *Cadwallader,* 848 So.2d at 580.

Atain argues that it issued Policy Nos. CIP260439 and CIP298173 (the "policies") to Siegen 7, (Doc. 19-1 at p. 3), and that the policies "do not provide coverage for the majority of the damages awarded to Warren." (Doc. 19-1 at p. 6).

## A. The Policy Language

The commercial general liability ("CGL") policies at issue provide coverage for "sums that the insured becomes legally obligated to pay as damages" due to property damage to which the insurance applies. The insurance applies to property damage if it is caused by an "occurrence". (Doc. 17-6 at p. 78 and 183). The insurance excludes from coverage certain damages, as follows:

> This insurance does not apply to:
>
> k.      Damage to Your Product[1]
>
>         'Property damage'[2] to 'your product' arising out of it or any part of it.
>
> l.      Damage to Your Work[3]

---

[1] The definitions section of the policies provides: "'Your product' means: a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (1) You; (2) Others trading under your name; or (3) A person or organization whose business or assets you have acquired…." (Doc. 17-6, p. 93).

[2] The definitions section of the policies provides: "'Property Damage' means: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it …." (Doc. 17-6, pp. 92–93).

[3] The definitions section of the policies provides: "'Your work' means: a. Means: (1) Work or operations performed by you or on your behalf; and (2)Materials, parts or equipment furnished in connection with such work or operations. b. Includes: (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and (2) The providing of or failure to provide warnings or instructions." (Doc. 17-6, p. 93).

'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'[4]

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

m.   Damage to Impaired Property or Property not Physically Injured

'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use or other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

(Doc. 17-6 at pp. 79, 82, 184, and 187).

## B.   Were the Damages Caused by an "Occurrence"?

For the amounts awarded to Warren to be deemed covered by the Atain policies, those specific damages must first fall within the policies' coverage described

---

[4] The definitions section of the policies provides: "'Products-completed operations hazard': a. Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: 1. Products that are still in your physical possession; or 2. Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times: a. When all of the work called for in your contract has been completed; b. When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project." (Doc. 17-6, p. 92).

8

in the "Insuring Agreement" section of the policies. The insurance applies to property damage if it is caused by an "occurrence", as that term is defined in the policies.[5] (Doc. 17-6 at p. 78 and 183). Louisiana caselaw is consistent on the interpretation of what qualifies as an "occurrence."

Louisiana courts interpret "occurrence" to include "an unforeseen and unexpected loss." *North Amer. Treat. Sys. v. Scottsdale Ins.*, No. 2005-0081 (La.App. 1 Cir. 10/25/06), 943 So.2d 429, 444; *see also Cunard Line Ltd. Co. v. Datrex, Inc.*, No. 09-656 (La.App. 3 Cir. 12/9/09), 26 So.3d 886, 890−91 (affirming trial court's determination that "the property damage caused by the defective work and/or defective products is an occurrence or accident which triggers coverage under the terms of the insurance policies"). Such a loss can arise out of faulty construction. *Iberia Parish Sch. Bd. v. Sandifer & Son Constr. Co.*, No. 98-319 (La.App. 3 Cir. 10/28/98), 721 So.2d 1021, 1023 ("If the roof leaks or the wall collapses, the resulting property damage triggers coverage under an 'occurrence' basis policy, even if the sole cause is improper construction and the only damage is to the work performed by the contractor.")(quoting 1 William S. McKenzie and H. Alston Johnson III, INSURANCE LAW AND PRACTICE § 183, 15 La. Civ. Law Treat.).

Here, the arbitrator concluded that Siegen 7 failed to achieve the minimum finish slab elevation, failed to provide position storm water drainage, and failed to prepare a drainage plan for the house and lot. "Under Louisiana jurisprudence, an

---

[5] The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions". (Doc. 17-6 at p. 92).

'accident' is the negligent act or omission or other fault that caused the loss." *Id.* The failures to achieve the proper finish slab elevation, to provide position storm water drainage, and to prepare a drainage plan for the house and lot constitute "occurrences" under Louisiana law. *See Rando v. Top Notch Props.*, No. 2003-1800 (La.App. 4 Cir. 6/2/04), 879 So.2d 821, 825–33 (reviewing Louisiana jurisprudence about what constitutes an "occurrence" and concluding that "the clear weight of authority in more recent cases considers defects in construction that result in damage subsequent to completion to be accidents and occurrences when they manifest themselves"); *Massey v. Parker*, No. 98-1497 (La.App. 3 Cir. 3/3/99), 733 So.2d 74, 75 (defects in home construction constituted an occurrence). Further, the arbitration award reflects that Siegen 7's failures caused the damages at issue. *See, e.g., Motorola, Inc. v. Associated Indem. Corp.*, No. 2002-1351 (La.App. 1 Cir. 6/25/04), 878 So.2d 838, 842 (requiring that the occurrence caused the property damage).

Because the Court finds that the facts and findings reflected in the arbitration award fall within the scope of coverage provided by the terms of the Atain policies, the Court must determine whether Atain has carried its burden of proving that the policies' exclusions apply to the arbitration award. *See Martco, Ltd., v. Wellons, Inc.*, 588 F.3d 864, 875 (5th Cir. 2009).

## C.    Is Coverage Excluded for "Damage to Your Product"?

The insurer "bears the burden of proving the applicability of an exclusionary clause within a policy." *Doerr v. Mobil Oil Corp.*, No. 00-0947 (La. 12/19/00), 774 So.2d 119, 124. Atain argues that the "Damage to Your Product" exclusion applies to

the arbitration award. (Doc. 19-1 at pp. 9–14). In summary, Atain argues that the entire Warren residence is Siegen 7's "product"; therefore, the damages arising out of Siegen 7's product and to the product are assumed within the exclusion. The portion of the award to which Atain argues this exclusion applies is the sum of $110,053.07. Atain also argues that the exception to the "Damage to Your Product" exclusion, known as the products-completed operations hazard ("PCOH") exception, does not apply because coverage under the PCOH exception is intended for "damage to property other than" Siegen 7's "product", and the entire residence is Siegen 7's product. (*Id.*) However, Atain agrees that damage to property contained within the residence is covered. (Doc. 19-1 at p. 13). The portion of the award that Atain agrees is afforded coverage under its policies is in the sum of $18,008.47.

There are two separate exclusions contained in the policies: a "Damage to Your Work" exclusion and a "Damage to Your Product" exclusion. The exclusion that forms the basis of Atain's motion for summary judgment is the "Damage to Your Product" exclusion. Both exclusions, as well as their distinction, are discussed in *Supreme Services and Specialty Co. v. Sonny Greer, Inc.*, No. 2006-1827 (La. 5/22/07), 958 So.2d 634, upon which all parties rely.

Atain argues that Warren's claims were for damages to the residence due to defective work on the residence. This is reflected in the Complaint as well as in the arbitration award and is undisputed. As noted, Atain argues that the entire residence is Siegen 7's "product" as defined in the policies. Also, the policies exclude coverage for any damage to Siegen 7's "product": "The Policy does not apply to

'property damage' to 'your product' arising out of it or any part of it". (Doc. 17-6 at p. 79). Thus, Atain argues, because the entire residence was manufactured by Siegen 7 or on its behalf,[6] then any damage to the residence is excluded from coverage.

In addition to relying upon the policy language itself, Atain relies upon *Provost v. Homes by Lawrence & Pauline, Inc.*, No. 12-761 (La.App. 3 Cir. 12/5/12), 103 So.3d 1280, *writ denied*, 13-0049 (La. 2/22/13), 108 So.3d 776, and *Supreme Services and Spec. Co v. Sonny Greer, Inc., supra*. In *Provost*, the homeowners contracted with HLP to build their home and then later filed suit alleging numerous defects in the construction. HLP's insurer filed a motion for summary judgment arguing that there was no coverage under HLP's CGL policy for the damages to the home based on both the "Damage to Your Work" exclusion and the "Damage to Your Product" exclusion. HLP argued that the "Damage to Your Work" exclusion should not apply because the defective work was work of subcontractors, and the PCOH exception to the exclusion afforded coverage. The trial court applied the "Damage to Your Product" exclusion and found that there was no coverage for the damages to the home, noting that there is no subcontractor exception to the "Damage to Your Product" exclusion. Also, the PCOH exception to the exclusion did not apply because the entire house was the product of HLP; therefore, all of the damages were excluded. The *Provost* court relied upon *Supreme Services* in making its ruling. *Provost, supra*.

---

[6] The "Damage to Your Product" exclusion applies also to the work of sub-contractors on behalf of the contractor, unlike the "Damage to Your Work" exclusion which does not apply if the damaged work is the work of a sub-contractor.

Atain previously advanced the same arguments that it is making in the instant matter in an unrelated case in the Eastern District of Louisiana. *Atain Specialty Insurance Company v. VIG II, LLC,* No. 15-6499, 2017 WL 3867672 (E.D. La. Feb. 9, 2017). There, the court found that all damages to the house, which was entirely the "product" of the insured, were not covered based on the "Damage to Your Product" exclusion in the Atain policy. The PCOH exception to the exclusion was found not to apply because the entire residence was the "product" of the contractor. That court's analysis, set forth below, applies here.

> The Damage To Your Product exclusion encompasses damage to the insured's product itself. In *Supreme Services,* the Louisiana Supreme Court distinguished situations in which the insured's own product was damaged with situations in which there was 'evidence of any injured third person or product as a result of the damaged property.' *Supreme Servs.,* 958 So.2d at 642. In these latter instances, '[d]amage to real property arising out of the faulty work . . . would not be excluded as it would be covered under the [products-completed operations hazard (PCOH)] provision.' *Id.* at 645. . . . Accordingly, to determine whether the Damage To Your Product exclusion precludes coverage here, the court must determine: (1) what is [the builder's] 'product,' and (2) whether the [homeowners] allege damage to anything *other than* [the builder's] product.

*Atain Specialty,* at *6 (emphasis added).

In the Eastern District's *Atain* case, Atain argued that the entire home was the builder's product, which the homeowners opposed. (*Id.*). Under the Atain policies, the court found the home was a "good or product" that was both "manufactured" and "sold" by the builder. Therefore, the court found that the policies' Damage To Your Product provisions precluded indemnification for all damage to the home. *Id.* (citing *Provost,* 103 So.3d at 1285 (holding that the builder's "product" was

the home and the work product exclusion barred coverage for all damages to the home itself)).

The court then turned to the PCOH exception to the exclusion and concluded, "Because the [homeowners'] home is [the builder's] product, and the policies exclude coverage for such products, Atain owes coverage *only if* the . . . petition includes claims for damage to anything *other than* the home itself." *Id.* at * 7 (emphasis added). Because the only damages claimed were to the home itself, all damages were excluded.

Here, the same policies with the same exclusions and definitions are at issue. (Doc. 17-6). Also, it is undisputed that Siegen 7 manufactured the home. (Doc. 19-1 at pp. 27, 30, 35). The home, therefore, is Siegen 7's "product", and all damages to the home are excluded from coverage under the "Damage to Your Product" exclusion in the policies. Likewise, the PCOH exception to the exclusion does not apply to the damaged residence. The PCOH exception only applies to those damages to property that are not a "product" of Siegen 7, such as the personal property within the residence damaged by the flooding. Atain concedes that these damages are covered under the terms of the Atain policies. (Doc. 19-1 at p. 13).

Defendants argue that the work at the residence was actually completed by subcontractors, not Siegen 7; therefore, the residence is not Siegen 7's work-product. (Doc. 27 at pp. 3–4; Doc. 35 at pp. 4–5). Defendants attempt to bolster their argument by pointing to policy language that creates an exception to the exclusion for the work of subcontractors. *Id.* However, Defendants are actually arguing the "Damage to

Your Work" exclusion which contains an exception to the exclusion for the work of subcontractors. The "Damage to Your Product" exclusion does not contain an exception for subcontractors, and it is the exclusion at issue here. This distinction is explained in *Supreme Services* and *Atain*.

Defendants also attempt to distinguish the application of *Provost* from the case *sub judice* because, in *Provost*, the homeowners sought to repair the defective or faulty work itself. (Doc. 27 at p. 4; Doc. 35 at p. 6). Defendants argue that here, Warren sought direct damages to the residence at large as a result of the faulty work. In other words, Warren did not seek to have the elevation of the slab repaired, but instead sought damages to the residence that resulted from the faulty elevation and slab. *Id.* The Court agrees with Defendants' argument and the distinction made. However, where Defendants' argument falters is that the rulings in *Supreme Services*, *Provost*, and *Atain* not only addressed claims for damage to the defective work itself (such as the elevation of the slab), but also for damage to the residence as a result of the faulty work. Those rulings held that where the entire residence is the "product" of the contractor, none of the damage to the residence is covered under the terms of the policies.[7] The same holds true here.

---

[7] The Court notes the Eastern District Court's ruling in *Starr Surplus Lines Insurance Company*, 2018 WL 6448840, where the court analyzed the same exclusions and rulings as the Court does here. In *Starr Surplus*, the Eastern District chose not to rule on the motion for summary judgment before it in accordance with *Atain*. Instead, the court found that there was ambiguity in the application of the policy provisions to exclude coverage for all damage to the property, and Starr had not carried its burden of proof on summary judgment. *Starr Surplus*, at *8. Here, the Court finds that Atain carried its burden of proof on summary judgment, just as it did in *Atain*; that the analysis of the Louisiana Supreme Court in *Supreme Services* applies here; and that, after considering all record evidence and the jurisprudence, the policies do not afford coverage for the reasons set forth above.

For the reasons stated above, the Court finds that Atain does not owe Siegen 7 indemnification for the damages to the residence, which totals $110,052.07 in the arbitration award. The damages to the items within the residence that were damaged as a result of the faulty work of Siegen 7, totaling $18,008.47, are covered by the Atain policies, and Atain must indemnify Siegen 7 for these damages.

### D.    Is Coverage Excluded for "Damage to Impaired Property"?

The arbitrator also awarded damages arising out of the failure to provide position storm water drainage and to prepare a drainage plan for the house and lot. As a result of this faulty work, the backyard on the property was "perpetually swampy and wet", impeding use and enjoyment. The arbitrator awarded Warren $17,975.00 for "back yard improvements including catch basins, downspout tie ins, piping, regrading, re-sodding, and related expenses". (Doc. 17-9 at p. 7).

In response, Atain argues that coverage for the backyard improvements is excluded under the "Damage to Impaired Property" exclusion, (Doc. 19-1 at pp. 14-15), which provides that the policies do not apply to property that has not been physically injured arising out of a defect in the insured's "product". (Doc. 17-6 at pp. 79, 82, 184, and 187). "Impaired property" or property that has not been physically injured is property other than the insured's "product" that is less useful. (Doc. 17-6 at pp. 90, 92-93, 195, and 197–98).

The "Impaired Property" provision "only excludes damage to property that has not been physically injured." *Martco*, 588 F.3d at 876 (quoting *Gaylord Chem. Corp. v. ProPump, Inc.*, No. 98-2367 (La.App. 1 Cir. 2/18/00), 753 So.2d 349, 355). It "does

not apply where there is physical damage to property other than the insured's work or product after the product has been put to its intended use." *United Nat. Ins. Co. v. Dexter Honore Const. Co.,* Inc., No. 08-638, 2009 WL 1182259, at *9 (W.D. La. Apr. 30, 2009)(internal quotations omitted).

Here, the Complaint and arbitration award reflect loss of use to the Warren backyard due to the faulty drainage system. (Doc. 6 at ¶¶ 13-14; Doc. 17-9 at p. 7). There are no allegations or findings of damage to the backyard itself. Also, it is undisputed that the backyard is not the "product" of Siegen 7; however, the faulty drainage system and/or lack of a proper drainage plan is the "product" of Siegen 7 that caused the loss of use to the Warren backyard. Coverage does not apply to loss of use of property arising out of the insured's faulty "product". *See also, Travelers Cas. And Sur. Co. of America v. University Facilities, Inc.,* No. 10-1682, 2012 WL 1198611, at *9 (E.D. La. Apr. 10, 2012).

Additionally, as noted, the actual arbitration award in the amount of $17,975.00 is to repair or improve the "back yard", including catch basins, downspout tie-ins, and piping. (Doc. 17-9 at p. 7). The Complaint reflects that these same repairs, for which Warren was awarded, are to "repair and replace Siegen 7's work and product in the backyard". (Doc. 6 at ¶ 14). The award serves to repair or correct Siegen 7's faulty work and product, as opposed to restore Warren for the loss of use and enjoyment of the back yard. The amount awarded is specifically dedicated to drainage system repairs. Since the award is to repair or fix property (*i.e.,* the drainage system), this evidences that there is "damage to property". Where there is

"physical damage to property *other than* the insured's product" after the product has been put to its intended use, the "Impaired Property" exclusion does not apply. *See United Nat. Ins. Co.*, at *9 (emphasis added). However, where the "damage to property" is to *the insured's product*, as it is here, the exclusion applies. (Doc. 17-6 at pp. 79, 82, 184, and 187; emphasis added). *See Martco*, 588 F.3d at 876 (quoting *Gaylord Chem. Corp.*, 753 So.2d at 355).

Neither Atain, nor Defendants direct the Court to any jurisprudence indicating that a different result or interpretation of the policies is warranted. Defendants simply argue, again, that the drainage work is work of the subcontractors, not Siegen 7. (Doc. 27 at p. 5; Doc. 35 at pp. 7–8). However, the jurisprudence does not support that the work of the subcontractors has any bearing on the application of the policy provisions at issue.

Accordingly, the Court grants Atain's motion for summary judgment as to the application of the "Damage to Impaired Property" exclusion and finds that Atain does not owe indemnification to Siegen 7 for the award for "back yard improvements" in the amount of $17,975.00.

**E. Is Coverage Excluded for Warren's Attorney's Fees under the "Punitive or Exemplary Damages" Exclusion[8] or the "Damage to Your Product" Exclusion?**

The arbitrator awarded Warren "reasonable attorneys' fees and costs associated with bringing and prosecuting her claims herein". (Doc. 17-9 at p. 8). Atain seeks to exclude coverage for the $42,982.53 awarded in attorneys' fees. (Doc. 19-1 at p. 15). Atain first employs the terms of the "Punitive or Exemplary Damages Exclusion". (Doc. 19-1 at pp. 15-16 (citing Doc. 17-6 at pp. 76 and 181)). Atain specifically acknowledges that "attorneys' fees" are not specifically mentioned in the exclusion, but argues that attorneys' fees are "punitive in nature" and should be excluded by this provision. (Doc. 19-1 at p. 16 (citing *Texas Industries, Inc. v. Roach*, 426 So.2d 315, 317 (La.App. 2 Cir. 1983)("Awards of attorney's fees are penal or punitive in nature"); *Allen v. Delta Match Corp.*, 250 So.2d 563, 565 (La.App. 1 Cir. 1971 ("Attorney fees are punitive in nature"); *Viator v. Haynesville Mercantile Co.*, 88 So.2d 1,4 (La. 1956). Atain alternatively argues that attorneys' fees are "consequential damages of the faulty workmanship" and should be excluded under the "Damage to Your Product" exclusion. (Doc. 19-1 at p. 16 (citing *Swarts v. Woodlawn, Inc.*, 610 So.2d 888, 891 (La.App. 1 Cir. 1992)) (citing *Old River Terminal Co-op v. Davco Corp.*, 431 So.2d 1068 (La.App. 1 Cir. 1983)). Atain does not cite any jurisprudence applying the "Punitive and Exemplary Damages" exclusion to an

---

[8] The "Punitive or Exemplary Damages Exclusion" states: "This insurance does not apply to punitive or exemplary damages, fines or penalties. If a covered 'suit' is brought against the Insured, seeking both compensatory and punitive or exemplary damages, fines or penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties." (Doc. 17-6 at pp. 76 and 181).

arbitration award for attorneys' fees or to any ruling other than *Swarts* purporting to apply the "Damage to Your Product" exclusion to attorneys' fees.

Siegen 7 and Warren oppose Atain's arguments on several grounds: (1) the terms, conditions and exclusions of a policy are strictly construed against the insurer, (Doc. 27 at p. 5); (2) the attorney's fees awarded in this matter do not meet the definition of punitive or exemplary damages, (Doc. 27 at pp. 6-7); (3) the attorney's fees awarded were specifically provided by statute, the Louisiana New Home Warranty Act, as available damages to the homeowner as a result of breaches of warranty by the homebuilder and serve to restore the homeowner to its state prior to being wronged, which is not punitive or exemplary in nature, (Doc. 35 at p. 9; Doc. 27 at p. 7); and (4) Atain waived its right to deny coverage for attorney's fees as Atain did not reserve this right in its reservation of rights letter dated July 19, 2017. (Doc. 27 at pp. 7–8 (citing *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/19/94)); Doc. 35 at pp. 9–10).

Courts have found that the scope of insurance coverage of certain policies may include coverage for attorney's fees awarded in arbitration. *See, Halter Marine, Inc. v. Insurance Co. of North America,* No. CIV.A. 86-585, 1989 WL 17280, at *2 (E.D. La. Feb. 17, 1989)(attorneys' fees and costs awarded in arbitration were recoverable under the "Sue and Labor" clause of the policy); *Indian Harbor Ins. Co. v. Bestcomp, Inc.*, No. CIV.A. 09-7327, 2010 WL 5471005, at *8 (E.D. La. Nov. 12, 2010)(where the policy covered "claim expenses" which included attorneys' fees and arbitration costs); and *Glazer Steel Corp. v. American Home Assur. Co.*, No. CIV.A. 91-2214, 93-0795,

1993 WL 302951, at *3 (E.D. La. July 28, 1993)(the policy afforded coverage for the claim and attorneys' fees expended in its arbitration dispute). Here, no party argues or directs the Court to any policy provision other than the exclusions argued by Atain that may afford coverage for awarded attorney's fees. Therefore, the Court is not able to find that coverage for the awarded attorney's fees attaches based on the terms of the Atain policies.

Regarding the exclusion of coverage for the awarded attorney's fees, no party has directed the Court to any jurisprudence applying the "Punitive and Exemplary Damages Exclusion" to an award of attorney's fees. Atain admits that "attorney's fees" are not mentioned in the "Punitive and Exemplary Damages Exclusion." Atain asks this Court to assume that attorney's fees equate to "punitive damages" or "exemplary damages". However, federal jurisprudence does not support the assumption that attorney's fees are punitive damages. *See Kelley v. Swank*, No. CIV. A. 04-504, 2006 WL 8432548, at *2-3 (M.D. La. Oct. 19, 2006)(where the Court declined to award "punitive-type damages" and then proceeded to discuss the award of reasonable attorney fees); *Sheppard v. Exxon Co., USA*, 760 F.Supp. 92, 94 (M.D. La. Oct. 19, 1990)("punitive damages" are not "penalties" but are "damages" under La. Code of Civ. Proc. art. 4841); and *Frito-Lay, Inc. v. WAPCO Constructors, Inc.*, 520 F.Supp. 186 (M.D. La. Aug. 17, 1981)(where "punitive damages and attorney fees" are discussed and treated as two separate elements or groups of damages). In fact, in addressing whether various insurance policies afford coverage for punitive damages and/or attorney's fees, punitive damages and attorney's fees are treated

differently. *See Indian Harbor Ins. Co. v. Bestcomp, Inc.,* No. CIV. A. 09-7327, 2010 WL 5471005, *2 (E.D. La. Nov. 12, 2010)(attorney's fees were compensatory damages and covered; punitive damages were not covered); *Taylor v. Lloyd's Underwriters of London*, No. CIV. A. 90-1403, 1994 WL 118303, *13 (E.D. La. Mar. 25, 1994). Simply put, if the underwriters of the Atain policies intended to exclude coverage for attorney's fees under the "Punitive and Exemplary Damages Exclusion," then the exclusion would have emphatically stated that attorney's fees were excluded from coverage. It is misplaced to assume or conclude that attorney's fees are punitive damages.

On the other hand, jurisprudence supports that attorneys' fees may be excluded from coverage under the "work product exclusion". *See Hollybrook Cottonseed Processing, L.L.C. v. American Guarantee & Liability Ins. Co.*, 772 F.3d 1031, 1037 (5th Cir. 2014); *see also Freeport McMoran Resource Partners, Limited Partnership v. Kremco, Inc.*, 827 F.Supp. 1248, 1256 (E.D. La. June 25, 1993)(work product exclusion barred coverage for damages including attorney's fees). In *Hollybrook*, the U.S. Court of Appeals for the Fifth Circuit explained that the attorney's fees were "properly included" within damages. Citing to *Swarts*, the Fifth Circuit held that "a work product exclusion may preclude coverage of attorney's fees where the consequential damages directly result from the alleged defective workmanship". Since "some of the damages" awarded were "properly excluded" from recoverable damages, the Fifth Circuit left to the district court the determination of

what portion of the attorney's fees were attributable to the excluded damages that fell within the exclusion. *Hollybrook*, 772 F.3d at 1037.

Here, the arbitration award does not address attorney's fees as a specific element of Warren's damages. The award does not specify whether the fees are part of the consequential damages or not. The award simply states that Warren is "entitled to recover and is AWARDED her reasonable attorneys' fees and costs associated with bringing and prosecuting her claims herein. Claimant shall submit to the Arbitrator evidence regarding her attorneys' fees and costs...". (Doc. 17-9 at p. 8). Further, the attorney's fees are not attributable to particular damages so as to permit the Court to determine if the fees fall within "consequential damages directly result[ing] from the alleged defective workmanship". *Hollybrook*, 772 F.3d at 1037.

As set forth above, ambiguity in interpreting policy provisions to render or deny coverage is generally construed against the insurer and in favor of coverage. *Cadwallader*, 848 So.2d at 580. The Court finds that a plain reading of the "Punitive and Exemplary Damages Exclusion" and the "Damages to Your Product" exclusion does not address whether an arbitration award for attorney's fees is covered or excluded from coverage under the Atain policies. A review of relevant jurisprudence reveals no support for excluding coverage under the "Punitive and Exemplary Damages Exclusion" and conflicting and ambiguous findings on whether the "Damages to Your Product" exclusion would exclude coverage for the attorneys' fees award in total or in part. Therefore, the Court denies Atain's motion for summary

judgment on this issue. For the same reasons, the Court does not find that coverage for the awarded attorney's fees attaches under the policies.

Considering the Court's finding, the Court declines to address the argument that Atain waived the right to exclude coverage for attorneys' fees.

## F.    Warren's Motion for Summary Judgment

Warren filed a counterclaim adverse to Atain. (Doc. 8). In support of her counterclaim, she filed a motion for summary judgment seeking a ruling that the Atain policies provide coverage for all damages sought by and awarded to her. (Doc. 22). Warren addresses the same issues of coverage as are addressed herein in her motion for summary judgment. (Doc. 22-2). Atain opposed Warren's motion, urging the same arguments as advanced in Atain's own motion. (Doc. 36).

The Court incorporates its reasons and ruling on the relevant policy provisions as set forth above. Accordingly, the Court finds that Warren's motion for summary judgment is granted in part and denied in part. The Court grants Warren's motion on the grounds that the Atain policies provide coverage for the damage to the property within the residence awarded in the amount of $18,008.47. Warren's motion for summary judgment is denied in all other respects in accordance with the reasons set forth herein.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Atain Specialty Insurance Company's **Motion for Summary Judgment (Doc. 17)** and Andrea Warren's **Motion for Summary Judgment (Doc. 22)** are **GRANTED IN PART** and **DENIED IN PART**.

The Court grants Atain Specialty Insurance Company's motion for summary judgment and denies Andrea Warren's motion for summary judgment in that the policies do not afford coverage for damages to the residence awarded in the amount of $110,053.07.  Atain Specialty Insurance Company does not owe indemnification to Siegen 7 Development, LLC and is not indebted to Andrea Warren for this sum.

The Court grants Atain Specialty Insurance Company's motion for summary judgment and denies Andrea Warren's motion for summary judgment in that the policies do not afford coverage for damages for backyard improvements awarded in the amount of $17,975.00.  Atain Specialty Insurance Company does not owe indemnification to Siegen 7 Development, LLC and is not indebted to Andrea Warren for this sum.

The Court denies Atain Specialty Insurance Company's motion for summary judgment and grants Andrea Warren's motion for summary judgment as the policies afford coverage for damages to the property within the residence awarded in the amount of $18,008.47.  Atain Specialty Insurance Company ●wes indemnification to Siegen 7 Development, LLC and/or is indebted to Andrea Warren for this sum.

The Court denies Atain Specialty Insurance Company's motion for summary judgment and Andrea Warren's motion for summary judgment regarding coverage for attorneys' fees awarded at arbitration.

Baton Rouge, Louisiana, this 6th day of September, 2019.

BRIAN A. JACKSON, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA